UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

PRATHIK PATEL, Individually and on Behalf :
of All Others Similarly Situated,

                          Plaintiff,

vs.

LULULEMON ATHLETICA INC., CALVIN
MCDONALD, and MEGHAN FRANK,

                       Defendants.

———————————————————————— x

**STIPULATION AND
PROTECTIVE ORDER**

Civil Action No. 1:24-cv-06033-ALC-GS

WHEREAS, Lead Plaintiffs the John Fogel Revocable Trust, Macomb County Employees'
Retirement System, Macomb County Retiree Health Care Fund, and Macomb County Intermediate
Retirees Medical Benefits Trust ("Plaintiffs"), and Defendants lululemon athletica inc., Calvin
McDonald, and Meghan Frank ("Defendants," and together with Plaintiffs, the "Parties," and
individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of
Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material
that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored
confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order
("Protective Order")—including without limitation the Parties to this action, their representatives,
agents, experts and consultants, all third parties providing discovery in this action, and all other
interested persons with actual or constructive notice of this Protective Order—shall adhere to the
following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Protected Discovery Material") shall not disclose such Protected Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material or that person's counsel may designate such material as Confidential, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party.

3.      The person producing any given Discovery Material or that person's counsel may designate such material as Highly Confidential – Attorneys' Eyes Only, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is so highly sensitive that its disclosure could result in significant competitive or commercial disadvantage to the designating Party.

4.      With respect to the Confidential or Highly Confidential – Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

5.      With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential or Highly Confidential – Attorneys' Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorneys' Eyes Only Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

6.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential or Highly Confidential – Attorneys' Eyes Only, such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Protective Order.

7.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel for the Parties, including in-house counsel, and any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

4

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

8.    No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Attorneys' Eyes Only to any other person whomsoever, except to:

(a) counsel for the Parties, including in-house counsel, and any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

(b) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(c) any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, but only for purposes of testimony or preparation of testimony in this case, but it may not be retained by the witness, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel,

provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) stenographers engaged to transcribe depositions conducted in this action; and

(h) this Court, including any appellate court, and the court reporters and support personnel for the same.

9.      Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Stein's Individual Practices in Civil Cases.

10.      Recipients of Protected Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Protected Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

11.      Nothing in this Protective Order will prevent any person subject to it from producing any Protected Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon

as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

12.    All persons seeking to file redacted documents or documents under seal with the Court in connection with non-dispositive matters, or in cases where the Parties have consented to the jurisdiction of Magistrate Judge Stein for all purposes, shall follow Section I(H) of Magistrate Judge Stein's Individual Practices in Civil Cases as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York. With respect to dispositive matters, the Individual Practices of Judge Andrew L. Carter, Jr. shall be followed instead of Magistrate Judge Stein's Individual Practices. The Parties shall use their best efforts to minimize such sealing.

13.    All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Protected Discovery Material.

14.    Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Protected Discovery Material itself, and not text that in no material way reveals the Protected Discovery Material.

15.    Each person who has access to Discovery Material that has been designated as Protected Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

17.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

18.     The inadvertent production of information protected by the attorney-client privilege, or other privilege, protection, or immunity shall not operate as a waiver. If a producing person or that person's counsel becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the producing person will promptly notify each receiving person in writing of the inadvertent production. Any person that receives notice of such inadvertent production shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the Parties from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting

a challenge to the Court. The producing person bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each receiving person shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. If a receiving person becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, counsel for the receiving person shall immediately take steps to (i) stop reading such information or materials, (ii) notify counsel for the producing person of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the producing person, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

19.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20.     The foregoing is entirely without prejudice to the right of any Party to apply to the Court for any further protective order relating to Protected Discovery Material; or to object to the production of Protected Discovery Material; or to apply to the Court for an order compelling production of Protected Discovery Material; or for modification of this Order; or to seek any other relief from the Court.

**SO STIPULATED AND AGREED.**

| PLAINTIFF(S): | DEFENDANT(S): |
|---|---|
| ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>SAMUEL H. RUDMAN<br>MICHAEL G. CAPECI<br>JEREMY YOHANNAN | WEIL, GOTSHAL & MANGES LLP<br>CAROLINE HICKEY ZALKA<br>TANNER S. STANLEY<br>AMBER N. VENTURELLI |
| */s/ Michael G. Capeci*<br>MICHAEL G. CAPECI | */s/ Caroline Hickey Zalka*<br>CAROLINE HICKEY ZALKA |
| 58 South Service Road, Suite 200<br>Melville, NY  11747<br>Telephone:  631/367-7100<br>srudman@rgrdlaw.com<br>mcapeci@rgrdlaw.com<br>jyohannan@rgrdlaw.com | 767 Fifth Avenue<br>New York, NY 10053<br>Telephone:  212/310-8527<br>Caroline.Zalka@weil.com<br>Tanner.Stanley@weil.com<br>Amber.Venturelli@weil.com |
| POMERANTZ LLP<br>JEREMY A. LIEBERMAN<br>BRIAN CALANDRA<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Telephone: 212/661-1100<br>jalieberman@pomlaw.com<br>bcalandra@pomlaw.com | WEIL, GOTSHAL & MANGES LLP<br>JOSHUA M. WESNESKI<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Telephone: 202/682-7000<br>joshua.wesneski@weil.com |
| *Co-Lead Counsel for Lead Plaintiffs* | *Attorneys for Defendants lululemon athletica inc., Calvin McDonald, and Meghan Frank* |
| Dated: May 12, 2026 | Dated: May 12, 2026 |

**SO ORDERED.**

_____
THE HONORABLE GARY STEIN
UNITED STATES MAGISTRATE JUDGE

Dated:  May 13, 2026
        New York, New York

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

――――――――――――――――――――――――――― x

PRATHIK PATEL, Individually and on Behalf : 
of All Others Similarly Situated,

                    Plaintiff,

    vs.

LULULEMON ATHLETICA INC., CALVIN
MCDONALD, and MEGHAN FRANK,

                  Defendants.

――――――――――――――――――――――――――― x

**NON-DISCLOSURE AGREEMENT**

Civil Action No. 1:24-cv-06033-ALC-GS

I, _____, acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the nondisclosure of those portions of Discovery Material that have been designated as Confidential and Highly Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Protected Discovery Material to any other person; that I will not use such Protected Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____